UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MELVIN E. BARHITE, JR.,

        Plaintiff,                                 Case Number: 06-CV-11292

v.                                            HON. LAWRENCE P. ZATKOFF

MICHIGAN DEPARTMENT OF
CORRECTIONS, ET AL.,

        Defendants.
_____/

**ORDER OF PARTIAL DISMISSAL AND DIRECTING
PLAINTIFF TO SUBMIT ADDITIONAL COPIES**

Plaintiff Melvin E. Barhite, Jr., a state prisoner currently incarcerated at the Ernest C. Brooks Correctional Facility in Muskegon Heights, Michigan, has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff has named the Michigan Department of Corrections (MDOC) and multiple MDOC officials and employees as defendants. He claims that certain defendants transferred him to different correctional facilities in retaliation for filing grievances regarding medical complaints, that certain defendants increased his housing and security classifications in retaliation for filing grievances, and that certain defendants denied him access to his medical records which has interfered with his right of access to the courts. Plaintiff also alleges that his presentence information report contains many inaccuracies. Plaintiff is proceeding without prepayment of the filing fee in accordance with 28 U.S.C. § 1915(a)(1). After careful consideration, the Court dismisses Plaintiff's claims as to Defendants Farley, Matthew Risley, C. Hemry, M.J.

Pass, Bryan Watson, J. Minnerick, R. Baker, and the MDOC, pursuant to 28 U.S.C. § 1915(e)(2),[1] because Plaintiff fails to state a claim upon which relief may be granted with respect to these defendants. The Court also dismisses Plaintiff's claim regarding his allegedly inaccurate presentence information report because it is not properly filed under 42 U.S.C. § 1983.

## I.

Other than naming the following individuals as defendants: Matthew Risley, C. Hemry, M.J. Pass, Bryan Watson, J. Minnerick, and R. Baker, Plaintiff makes no specific allegations against them.

Federal courts hold *pro se* complaints to a "less stringent standard" than complaints drafted by attorneys. Haines v. Kerner, 404 U.S. 519 (1972). However, such complaints "must plead facts sufficient to show a legal wrong has been committed from which plaintiff may be granted relief." Mullins v. Smith, 14 F. Supp. 2d 1009, 1011 (E.D. Mich. 1998). Even holding Plaintiff's complaint to the less stringent standard applicable to *pro se* complaints, Plaintiff fails to state a claim upon which relief may be granted with respect to defendants Risley, Hemry, Pass, Watson, Minnerick, and R. Baker, because Plaintiff fails to make any specific allegations against them.

## II.

Plaintiff also claims that the Michigan Department of Corrections ("MDOC") violated his

---

[1] 28 U.S.C. § 1915(e)(2) provides, in pertinent part:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –
> . . .
> (B) the action or appeal –
> . . .
> (ii) fails to state a claim upon which relief may be granted . . .

2

rights under § 1983. The MDOC is not a "person" who may be sued under § 1983. Will v. Michigan Department of State Police, 491 U.S. 58 (1989). Therefore, Plaintiff has failed to state a claim upon which relief may be granted with respect to the MDOC.

### III.

Plaintiff alleges that defendant J. Farley approved Plaintiff's appointment as a tutor, but Plaintiff was not assigned that position. Plaintiff alleges that defendant Epifanio declined to approve this work assignment in retaliation for grievances filed. Plaintiff does not allege that defendant Farley acted in retaliation against him. In fact, according to Plaintiff's own allegations, defendant Farley approved this job assignment. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *See* Parratt v. Taylor, 451 U.S. 527, 535 (1981), *overruled on other grounds by* Daniels v. Williams, 474 U.S. 327 (1986). Defendant Farley's actions in approving Plaintiff to be a tutor did not deprive Plaintiff of a right secured by the Constitution. Thus, Plaintiff's claims against Farley will be dismissed.

### IV.

Plaintiff also claims that his presentence information report contains many inaccuracies.

A claim under 42 U.S.C. § 1983 is an appropriate remedy for a state prisoner challenging a condition of his confinement. Preiser v. Rodriguez, 411 U.S. 475, 499 (1973). This claim seeks habeas corpus relief because it addresses the constitutionality of Plaintiff's sentence. A judgment in favor of Plaintiff on this issue would necessarily imply the invalidity of his sentence. In Heck v. Humphrey, 512 U.S. 477, 486-87 (1994), the Supreme Court held such claims to be improper under

42 U.S.C. § 1983:

> [W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Id. at 486-87.  *See also* Schilling v. White, 58 F.3d 1081, 1085 (6th Cir. 1995) (holding that "in order to recover damages for allegedly unconstitutional conviction or imprisonment . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus") (internal quotation omitted).

Neither Plaintiff's conviction nor his sentence has been overturned or declared invalid. Accordingly, Plaintiff fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983.

**V.**

For the foregoing reasons, **IT IS ORDERED** that Plaintiff's claims as to Defendants Farley, Matthew Risley, C. Hemry, M.J. Pass, Bryan Watson, J. Minnerick, R. Baker, and the MDOC, shall be **DISMISSED**.

**IT IS FURTHER ORDERED** that Plaintiff's claim regarding his presentence report is **DISMISSED**.

The Court determines that service of the complaint is appropriate on the remaining defendants: Patricia Caruso, Melody Pauly/Wallace, Thomas Bell, deputy warden Webb, Mary Berghuis, R. Smith, B. Smith, C. Simpson, C. Chaffee, S.D. Epifanio, Dawn Fuller/Clark, P. Benson,

and J. Daman. However, the Court may not, at this time, direct service of the complaint upon the remaining defendants because Plaintiff has failed to file with the Court a sufficient number of copies for service. See Fed R. Civ. P. 4(c)(1) ("The plaintiff . . . shall furnish the person effecting service with the necessary copies of the . . . complaint").

Therefore, the Court **ORDERS** Plaintiff to file thirteen properly bound copies of his complaint and attachments with the Court within **THIRTY DAYS** from the date of this Order. Failure to file the required copies may result in the dismissal of the complaint.

**SO ORDERED**.

                                        s/Lawrence P. Zatkoff
                                        LAWRENCE P. ZATKOFF
                                        UNITED STATES DISTRICT JUDGE

DATED: April 17, 2006
       Detroit, Michigan

S:\Zatkoff\Marie ECF\Barhite.wpd

---

## CERTIFICATION

I certify that, on the date indicated below, I mailed a copy of this order and the complaint to plaintiff.

DATED:  April 17, 2006                                 s/Marie E. Verlinde
                                                                                        Deputy Clerk