UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MELVIN E. BARHITE, JR.,

    Plaintiff,                                CIVIL ACTION NO. 06-11292

vs.

                                                  DISTRICT JUDGE LAWRENCE P. ZATKOFF
                                                  MAGISTRATE JUDGE DONALD A. SCHEER

MICHIGAN DEPARTMENT OF
CORRECTIONS, et. al.,

    Defendants.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

<u>RECOMMENDATION</u>: Defendants' Motion for Summary Judgment should be GRANTED, as Plaintiff has failed to establish any violations of his federally secured constitutional rights.

\* \* \*

Plaintiff is a convicted criminal, incarcerated at the Brooks Correctional Facility (LRF) in Muskegon Heights, Michigan. Plaintiff sued the Michigan Department of Corrections (MDOC) and multiple MDOC officials and employees. In a Complaint filed on March 28, 2006, Plaintiff accuses defendants of violating his constitutional rights by retaliating against him for exercising his right to file lawsuits and grievances against them and other prison officials[1]. The alleged retaliation took the form of a prison transfer from Gus Harrison (ARF) to Brooks Correctional Facility, continued harassment by LRF prison officials, denial of telephone access, placement on modified grievance access status, denial of free copies

---

[1]Plaintiff filed a form complaint in which he made reference to an attachment #7 instead of giving a statement of his claims (Docket #1). The actual 244 paragraph complaint containing the specific instances of alleged retaliation against him by prison officials can be found beginning on page 26 of Part 2, and continuing to page 34 of Part 3, of the multiple documents attached to the Complaint (Docket #4).

of Plaintiff's medical records and the denial of a prison job. Plaintiff also claimed that his housing and security classifications were raised in retaliation for filing grievances and that he was required by prison doctors to wear an in-dwelling catheter to correct a medical condition. Plaintiff sought declaratory/injunctive relief as well as compensatory and punitive damages.

In an Order dated April 17, 2006, the Court dismissed claims against the MDOC and defendants Risley, Hemry, Pass, Watson, Minnerick, Farley and Baker because the Complaint failed to state a claim against those persons. The Court also dismissed Plaintiff's claim alleging inaccuracies in his pre-sentence report for failure to state a claim upon which relief could be granted. The case was allowed to proceed against the remaining defendants on the issues outlined above (Docket #6). The case was referred to the undersigned on November 6, 2006.

Defendants Caruso, Bell, Benson, Berghuis, Chaffee, Clark, D'Epifanio, Bobbie Smith, Rick Smith, Webb, Darman and Wallace filed a Motion for Summary Judgment on October 10, 2006, asserting that Plaintiff had failed to establish any violations of his federally secured constitutional rights. Plaintiff filed a response to Defendants' Motion for Summary Judgment on November 6, 2006, arguing to the contrary. For the following reasons, I recommend that Defendants' motion be GRANTED.

STANDARD OF REVIEW

When considering a Rule 12(b)(6) motion to dismiss, the trial court must accept all the allegations in the complaint as true and construe the complaint liberally in favor of the plaintiff. FED. R. CIV. P. 12(b)(6); see Miller v. Currie, 50 F.3d 373, 377 (6th Cir. 1995). "Dismissal of a complaint for the failure to state a claim upon which relief may be granted

**2**

is appropriate only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." Brown v. Bargery, 207 F.3d 863, 867 (6th Cir. 1997).

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(C). The moving party has the burden of showing an absence of evidence to support the non-moving party's case. Covington v. Knox County Sch. Sys., 205 F.3d 912, 914 (6th Cir. 2000).  Once the moving party has met its burden of production, the non-moving party must come forward with significant probative evidence showing that a genuine issue exists for trial. Id.  A mere scintilla of evidence is insufficient to defeat a supported motion for summary judgment; rather, "there must be evidence on which the jury could reasonably find for the [non-moving party]." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).  While the evidence itself need not be the sort admissible at trial, the evidence must be more than the non-movant's own pleadings and affidavits. Ashbook v. Block, 917 F.2d 918, 921 (6th Cir. 1990); see also Street v. J.C. Bradford & Co., 886 F.2d 1472, 1479 (6th Cir. 1989) (explaining that the non-moving party may not rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact).

DISCUSSION

To establish a valid claim under § 1983, a plaintiff must allege that: (1) the conduct complained of was committed by a person acting under color of state law; and (2) the conduct deprived the plaintiff of rights privileges or immunities secured by the Constitution

or laws of the United States. See West v. Atkins, 487 U.S. 42, 49 (1988). Here, Defendants do not dispute that they acted under color of state law. Accordingly, I will focus on the alleged constitutional deprivations.

RETALIATION CLAIM

There are two categories of retaliation claims--general claims of retaliation and claims that allege that an individual was retaliated against for the exercise of specific constitutional rights. In Thaddeus-X v. Blatter, 175 F.3d 378 (6th Cir. 1989) the Sixth Circuit clarified the elements of each category and supplanted previous cases that had blurred the lines between the two. General claims of retaliation are brought under the Due Process Clause of the Fourteenth Amendment. To state a successful case of general retaliation, a prisoner must establish "an egregious abuse of governmental power" or behavior that "shocks the conscience." Id. at 387. In the great majority of cases, inmates are unable to survive summary judgment under this demanding standard. The rare exceptions have been in cases where, for example, a prison official issued death threats against an inmate while holding a cocked pistol at his head, or where prison officials trumped up false disciplinary charges against an inmate and then proceeded to physically abuse him and levy harsh disciplinary sanctions against him. See Cale v. Johnson, 861 F.2d 943, 950-51 (6th Cir. 1988) (citing cases).

The second category of retaliation claims involves allegations that state officials penalized an individual for the exercise of a specific constitutional right. In such cases, an inmate bears a lesser burden, and is only required to establish the following three elements: (1) the inmate engaged in protected conduct, (2) an adverse action was taken that would deter a person of ordinary firmness from continuing to engage in that conduct,

and (3) the adverse action was motivated, at least in part, by the inmate's protected conduct. Thaddeus-X, 175 F.3d at 394-395. Plaintiff has the burden of proving all three elements.

Even if it is assumed, without deciding, that Plaintiff satisfied the first two elements listed above, he has failed to allege sufficient facts that establish the third. He must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. See Mt. Healthy City School Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 287 (1977).  He has done nothing more than simply allege retaliation without establishing a causal connection. See Thaddeus-X, 175 F.3d at 399-400.

RETALIATION IN THE FORM OF PRISON TRANSFER

Plaintiff asserts that his security classification was increased after his transfer from ARF to Brooks Correctional Facility in January 2005, allegedly in retaliation for filing a Notice of Intent against the medical staff at Harrison Correctional (Complaint ¶29-31). A prisoner has no independent constitutional right to confinement in a particular place, Olim v. Wakinekona, 461 U.S. at 245, and has no right to be transferred to a prison facility of his choice.  Hewitt v. Helms, 459 U.S. at 468 (transfer of an inmate to less amendable and more restrictive quarters is well within the terms of confinement ordinarily contemplated by a prison sentence); Newell v. Brown, 981 F.2d 880 (6th Cir. 1992) (MDOC procedures for prisoner security classification did not create a constitutionally protected liberty interest).

Due process does not require that a prisoner be given a hearing before a placement or classification change is ordered, even if such action might result in confinement under less desirable or favorable conditions. Meachum v. Fano, 427 U.S. 215, 224-225 (1976); Montayne v. Haymes, 427 U.S. 236, 242 (1976). Plaintiff has identified no state created,

protected liberty interest entitling him to a hearing to challenge his security classification or transfer to another correctional facility. Hewitt v. Helms, 459 U.S. 460, 466 (1983).

Even if there were a due process right to a hearing before Plaintiff was classified to a higher level of custody, in damage suits for deprivation of liberty without procedural due process under § 1983, the claimant has the burden of pleading and proving the inadequacy of state remedies to redress the alleged wrong. Vicory v. Walton, 721 F.2d 1062, 1064 (6th Cir. 1983); Wilson v. Beebe, 770 F.2d 578, 584 (6th Cir. 1985) (en banc); Wells v. Brown, 891 F.2d 591, fn. 1 (6th Cir. 1989). This Plaintiff has not done so.

Defendant Bell, the acting warden of ARF at the time, avers that Plaintiff's transfer was a routine, lateral transfer that was made to relieve overcrowding at the Harrison Correctional Facility. (See affidavit of Defendant Bell, attached as Exhibit A to Defendants' Motion for Summary Judgment). All Plaintiff has shown is that he was transferred to Brooks in January 2005, coupled with the fact that he had previously filed a grievance against the ARF medical staff in October 2004. From that he jumps to the conclusion that what the Defendants did was because of his prior litigation. However, speculation is no substitute for hard evidence. Since Plaintiff has failed to produce evidence that his filing of prison grievances was a substantial or motivating factor behind his treatment, I am persuaded that Defendants are entitled to a summary judgment on his claim of retaliation in connection with his transfer and security classification.

## FREE ACCESS TO MEDICAL RECORDS

Plaintiff alleges that he was unable to get free copies of his prison medical records so that he could file a civil malpractice suit against the medical staff at ARF. Plaintiff claimed that his request was denied by Dawn Fuller at the direction of defendant Wallace

of the MDOC Office of Policy and Hearings (Complaint ¶ 162, 157-185). Contrary to Plaintiff's contention that the refusal to provide him free copies of his medical records denied him the right to access the courts in order to pursue a malpractice suit, a prisoner's right to access to the courts extends only to direct appeals, habeas corpus applications and civil rights claims. Thaddeus-X v. Blatter, 175 F.3d at 391. The impaired ability to bring a state tort action "is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." Lewis v. Casey, 518 U.S. 343, 355 (1996). Therefore, any alleged impairment to Plaintiff's ability to file a state court malpractice action fails to state a claim of constitutional dimension.

RESTRICTION ON TELEPHONE ACCESS

Plaintiff complained that whenever he telephoned his family, their use of a telephone extension caused the three-way monitoring system at the prison to cancel the call, resulting in double charges. Plaintiff alleged that the three-way call monitoring system was purposely set up to cancel his family calls as a retaliatory measure against him. (Complaint ¶ 5-6).

Restriction of telephone privileges does not implicate the Due process clause since it does not contain an atypical and significant hardship. Sandin v. Conner, 515 U.S. 472, 484 (1995); Kennedy v. Blankenship, 100 F.3d 640, 642-643 n.2 (8th Cir. 1996)(restriction in mail, telephone access, commissary and personal possession items not an atypical and significant hardship). Moreover, Plaintiff has not shown that the three-way call monitoring system at the prison was purposefully set up to cancel his personal telephone calls to family members in order to retaliate against him for filing lawsuit and grievances against prison officials. I am persuaded that Plaintiff has failed to show that his filing of the

grievance was a substantial or motivating factor behind the Defendants' alleged treatment of him.

MODIFIED GRIEVANCE ACCESS STATUS

Plaintiff alleges that he was placed on modified grievance access status by Defendant Berghuis in retaliation for writing grievances concerning the phone system and his medical care (Complaint ¶ 8, 23-24). While a prisoner has a First Amendment right to file grievances against prison officials, he cannot exercise that right in a manner that violates legitimate prison regulations or penological objectives. Smith v. Campbell, 250 F.3d 1032, 1037 (6th Cir. 2001).

In the instant case, Plaintiff was placed on modified access because he filed duplicate grievances in violation of prison policy directive PD 03.02.130. As pointed out by Defendant, modified access to the grievance process did not deny Plaintiff the right or the ability to seek redress for meritorious grievances.  It merely required that he obtain permission from the grievance coordinator to file a grievance.  Meaningful access to the courts varies with the circumstances, and prison officials are accorded discretion in determining how that right is to be administered. Bounds v. Smith, 430 U.S. 817, 830-831 (1977).  Since a prisoner has no constitutional right to any effective grievance procedure, Hewitt v. Helms, 459 U.S. 460, 467 (1983), placing Plaintiff on modified grievance status was not an adverse action sufficient to support a retaliation claim.

DENIAL OF PRISON JOB

Plaintiff contends that prison officials at LRF retaliated against him for filing grievances by denying his request to obtain a job in the law library or work as a tutor. Plaintiff claims that he was qualified for such work since he had held similar jobs at other

**8**

facilities (Complaint ¶32-33). The defect in Plaintiff's claim is that he was not eligible for the library job because he had been previously found guilty of misconduct (assault and battery) in July 2004. He was not qualified to work as a tutor because he did not score high enough on the math portion of the tutor examination (See affidavit of Defendant D'Epifanio, attached as Exhibit B to Defendants' Motion for Summary Judgment). Despite Plaintiff's contention that defendants D'Epifano and Farley retaliated against him by improperly refusing his job requests, these men were simply following prison policy in denying him such employment. Since it is well established that no prisoner has a constitutional right to a particular job, Ivey v. Wilson, 832 F.2d 950, 955 (6th Cir. 1987), Plaintiff simply does not set forth a valid First Amendment retaliation claim against either defendant.

FALSE MISCONDUCT CHARGE

Plaintiff alleges that prison officials at ARF filed a false misconduct report (attempted escape) against Plaintiff in order to justify using "block box" restraints during his transfer from ARF to LRF (Complaint ¶35-51). The general rule is that a prisoner has no constitutionally guaranteed immunity from being falsely or wrongfully accused of misconduct which might result in the deprivation of his liberty. The protection against, and remedy for, false accusations must be an administrative hearing at which the prisoner has the opportunity to explain or challenge the charges. Freeman v. Rideout, 808 F.2d 949, 951 (2d Cir. 1986); Banks v. Klapish, 717 F.Supp. 520, 522 (W.D. Mich. 1989). Only if the false accusations are in blatant retaliation for the exercise of a constitutional right, and transcend all bounds of reasonable behavior or are shocking to the conscience, will they become actionable under § 1983. McLaurin v. Cole, 115 F.3d. 408, 411

(6th Cir. 1997)(When a prisoner brings a claim of retaliation, the prisoner must show that the exercise of the right was a substantial or motivating factor behind the allegedly retaliatory conduct and that the retaliatory conduct was "shocking to the conscience"); Cale v. Johnson, 861 F.2d 943 (6th Cir. 1988); Williams v. Smith, 717 F.Supp. 523, 524 (W.D. Mich. 1989).

Plaintiff does not claim that he was denied a hearing on the misconduct charge or an opportunity to tell his side of the story, which is all that the constitution requires.[2] Since Plaintiff has failed to demonstrate that his filing of the lawsuit and grievance was a substantial or motivating factor behind the issuance of the misconduct ticket, and in light of his apparently having been found guilty of the misconduct, I am persuaded that Plaintiff has failed to show that his filing of the grievance was a substantial or motivating factor behind the Defendants' alleged treatment of him.

## MENTAL ANGUISH

Plaintiff seeks compensatory and punitive damages due the to mental anguish he suffered as a result of the defendants' alleged retaliatory conduct. He specifically mentions that the MDOC records office wrongfully denied him a termination notice regarding one of his sentences (Complaint ¶ 199-219). Plaintiff alleges that defendants Benson and

---

[2] While a prisoner can state a claim of retaliation by alleging that disciplinary actions were based upon false allegations, no claim can be stated when the alleged retaliation arose from discipline imparted by acts that a prisoner was not entitled to perform. Edwards, et al. v. Balisok, 520 U.S. 641 (1997); Jackson-el v. Winsor, et al., 986 F.Supp 440, 444 (E.D. Mich 1997) quoting Thaddeus-X v. Langley, 1997 W.L. 205604 *1 (6th Cir. 1997) (unpublished)("Thaddeus-X did not state a claim of retaliation because the record shows that he was guilty of the misconduct with which he was charged."); Riley v. Evans, 1994 W.L. 652778 *2 (6th Cir. 1994)(unpublished)("Because the charge was found to be true, Riley cannot state a claim of retaliation"). In the instant case, Plaintiff does not dispute that he had telephoned a former corrections officer at her home in violation of known prison rules.

**10**

Berghuis lied in grievance responses regarding the status of his sentence (Complaint ¶ 212-217), and that defendant Benson lied in a grievance response about not having received any kites from him regarding this matter (Complaint ¶214).

The Prison Litigation Reform Act specifically prohibits monetary damages solely for emotional distress.

> No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility for mental or emotional injury suffered while in custody without a showing of physical injury.

42 U.S.C. § 1997e(e)

The Complaint alleges only emotional injuries stemming from the defendants' alleged misconduct. Since Plaintiff has not alleged any physical injuries, his claim for monetary damages is barred by § 1997e(e).

Finally, Plaintiff asserts that he was forced to wear an in-dwelling catheter and leg bag, which he has to clean and re-use, instead of being given a different kind of catheter that can be disposed of after each use (Complaint ¶60-72, 107-110). Plaintiff did not allege, however, that any of the named defendants acted wantonly and recklessly in disregard of a substantial risk of harm to his health or safety. He also did not allege that he has suffered any physical injury from having to use the in-dwelling catheter.

Any allegation against supervisory officials within the prison system concerning their responsibility for his health care detail are frivolous and fail to state a claim because Plaintiff is attempting to sue the these individuals under a *respondeat superior* theory of liability. "Respondeat superior or vicarious liability will not attach under § 1983." Canton, Ohio v. Harris, 489 U.S. 378, 385 (1989). Additionally, the doctrine of immunity would dictate that

**11**

no monetary damages would be recoverable against the Defendants without a more definite showing of personal involvement. Poe v. Hayden, 853 F.2d 418, 423 (6th Cir. 1988). Having neither suffered nor alleged a remediable harm, Plaintiff has failed to allege a compensable constitutional violation.

For the foregoing reasons, it is recommended that Defendants' Motion for Summary Judgment be granted and the instant case be dismissed. The parties are advised that any objections to this Report and Recommendation must be filed with the Court within ten (10) days after they are served with a copy, or further appeal from Judge Zatkoff's acceptance thereof is waived.

           s/Donald A. Scheer
           DONALD A. SCHEER
           UNITED STATES MAGISTRATE JUDGE
DATED: April 30, 2007

_____

### CERTIFICATE OF SERVICE

I hereby certify on April 30, 2007 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on April 30, 2007. **Melvin E. Barhite, Jr.**

           s/Michael E. Lang
           Deputy Clerk to
           Magistrate Judge Donald A. Scheer
           (313) 234-5217